Charles J. NELSON, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, The Colorado Division of Employment and Training, and Continental Mechanical System, Inc., Respondents.

No. 91CA1145.

Colorado Court of Appeals, Div. III.

Jan. 16, 1992.

William E. Benjamin, Boulder, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Evelyn Bachrach Makovsky, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Colorado Div. of Employment and Training.

No appearance for respondent Continental Mechanical System, Inc.

Opinion by Judge CRISWELL.

Charles J. Nelson, claimant, seeks review of a final order of the Industrial Claim Appeals Panel which disqualified him from the receipt of unemployment compensation benefits. We affirm.

■ The question presented is whether claimant's employment termination occurred under the circumstances described in § 8–73–108(4)(b)(I), C.R.S. (1991 Cum. Supp.). That statute provides for an award of unemployment compensation benefits if "the *health* of the worker, his spouse, or dependent child is such that the worker *must leave the vicinity of his employment...*." (emphasis supplied)

In contrast to this provision, § 8–73–108(5)(e)(IV), C.R.S. (1991 Cum.Supp.) requires a denial of benefits if the employee quits his employment "to move to another area as a matter of personal preference or to maintain contiguity with another person or persons, unless such move was for health reasons...."

Here, both claimant and wife were employed. Both also suffered health problems. Through the wife's employment, however, both were enrolled in a health insurance program that paid a substantial portion of the medical expenses necessitated by these problems.

The wife's employer required her to transfer to California in order to continue her employment. After discussing the matter, claimant and his wife jointly decided that she should accept this transfer so that both of them would continue to receive the health insurance benefits that they had previously enjoyed. Claimant therefore quit his job to accompany his wife to California.

It is undisputed that nothing in the "vicinity" of either claimant's or his wife's employment contributed to or aggravated the health problems of either. Likewise, no contention is made that the medical care available in that area is in any manner inadequate to treat their condition or that the care that either he or his wife will receive in California will be significantly superior to that available here.

Based on these undisputed facts, the Panel held that § 8–73–108(4)(b)(I) did not apply and that, because the health problems of claimant and his wife did not require their move to California, claimant's move was a matter of "personal preference" under § 8–73–108(5)(e)(IV). As a result, claimant's application for unemployment benefits was denied.

Claimant argues that the Panel erred in reaching this conclusion. He asserts that, while medical treatment was theoretically available in Colorado, if wife's employment had been terminated, with the consequent loss of the health insurance benefits he and his wife received as a result of that employment, they would not have been able to pay for such treatment. Thus, he maintains that it was their health problems which required their move to California. We disagree.

■ The statute requires that it be the "health" of the worker that requires him or her to "leave the vicinity of his [or her] employment." Thus, the statute contemplates that the worker's health problems be work-related, *see Public Service Co. v. Ingle,* 794 P.2d 1374 (Colo.App.1990), or caused or aggravated by the climatic or other conditions in or near the location where the worker is employed. Alternatively, as the ALJ concluded, the absence of appropriate, on-going medical treatment for a health problem within a reasonable distance from the site of employment might also fall within the contemplation of the statute.

Here, however, neither circumstance exists. Rather, it is claimant's alleged *financial* condition, not his health, that was the direct motive for his decision to move to California. Thus, we agree with the Penel that § 8–73–108(5)(e)(IV) required that his claim for benefits be denied.

Order affirmed.

METZGER and NEY, JJ., concur.